# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| LEAH JABBIE<br><br>         Plaintiff,<br>v.<br><br>PORTFOLIO RECOVERY ASSOCIATES, LLC<br><br>         Defendant. | **COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1. This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 et seq., the Kansas Consumer Protection Act ("KCPA"), K.S.A. § 50-623 et seq, and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 et seq.

## JURISDICTION

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331, pursuant to 15 U.S.C. § 1692k(d), and pursuant to 47 U.S.C. § 227. Supplemental jurisdiction is available pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES

4. Plaintiff Leah Jabbie ("Plaintiff") is a natural person who resides in the City of Gardner, County of Johnson, State of Kansas, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and K.S.A. § 50-624(b).

5. Defendant Portfolio Recovery Associates, LLC ("Defendant PRA") is a limited liability company operating from an address of 120 Corporate Blvd., Norfolk, VA 23502.

6. Defendant PRA is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

7. On or about September 1, 2014, Defendant PRA began contacting Plaintiff to collect on a debt allegedly owed to World Financial Network Bank ("WFNB").

8. On or about October 7, 2014, Plaintiff contacted Defendant PRA to determine the purpose of the calls she was receiving.

9. During the call, a representative of Defendant PRA informed Plaintiff that they were trying to collect a WFNB debt from the merchant American ("WFNB-American debt").

10. Plaintiff communicated to the Defendant PRA representative that the WFNB-American debt was settled in full in April 2012.

11. After continuing to demand payment from Plaintiff for several more minutes, the Defendant PRA representative eventually acknowledged that that debt was settled in full in April 2012.

12. The representative from Defendant PRA then stated she was actually trying to collect on another WFNB debt from a different merchant, Express ("WFNB-Express debt").

13. Plaintiff communicated to the Defendant PRA representative that the WFNB-Express debt was also settled in full in April 2012.

14. Plaintiff then demanded that Defendant PRA send proper verification of the debt they were trying to collect.

15. Plaintiff also demanded that Defendant PRA cease contacting her by telephone.

16. Plaintiff previously indicated her desire to be contacted only by written correspondence, specifically through email, in correspondence exchanged with a Defendant PRA representative on or about April 16, 2012.

17. Despite these requests for the phone calls to stop, Defendant PRA has persisted in contacting Plaintiff on her cellular telephone at (515) 783-0133 in an effort to collect the alleged debt.

18. On or about October 8, 2014, Plaintiff received written correspondence from Defendant PRA indicating they were attempting to collect on the WFNB-Express debt.

19. Plaintiff previously had four debts being collected by Defendant PRA. However, all four debts were settled in full on April 30, 2012, including the WFNB-Express debt.

20. Defendant PRA should not have contacted Plaintiff to collect the alleged debt because Plaintiff does not owe any amounts to WFNB or Defendant PRA.

21. Furthermore, Defendant PRA should have discontinued future contact after being informed by Plaintiff that they were seeking to collect on a debt that was previously satisfied.

22. Instead, Defendant PRA has continued to call Plaintiff, notwithstanding her requests that the calls cease.

23. On or about October 15, 2014, Plaintiff retained counsel to represent her against the collection efforts of Defendant PRA.

24. On or about October 16, 2014, Plaintiff contacted Defendant PRA by telephone and informed them of her counsel's name and contact information.

25. Plaintiff also reiterated her request that Defendant PRA refrain from calling her cellular telephone.

26. Despite receiving notice of Plaintiff's representation, Defendant PRA persisted in contacting Plaintiff on her cellular telephone.

27. Furthermore, on October 28, 2014, Defendant PRA sent correspondence to Plaintiff regarding another debt, namely a GE Money Bank, F.S.B. account.

28. This was another of the debts that Plaintiff settled back in April 2012.

29. Both the telephone contact and the letter sent to Plaintiff should not have occurred because Plaintiff was represented by an attorney.

## **COUNT I - Violations of the Fair Debt Collection Practices Act**

30. The debt allegedly owed by Plaintiff was incurred primarily for personal, family, or household services and is therefore a "debt" as that term is defined by U.S.C. § 1692a(5).

31. In its attempts to collect the debt allegedly owed by Plaintiff, Defendant PRA violated the FDCPA in the following ways:

    a) Used a misleading representation in connection with collecting a debt in violation of 15 U.S.C. § 1692e;

b) Misrepresented the nature, status or character of a debt in violation of 15 U.S.C. § 1692e(2);

c) Communicated with a consumer after receiving notice that the consumer is represented by an attorney in violation of 15 U.S.C. § 1692c(a)(2);

d) Harassed Plaintiff by failing to cease communications after being informed that Plaintiff did not owe any debt in violation of 15 U.S.C. § 1692d.

32. As a result of Defendant PRA's calling practices, Plaintiff has suffered actual damages in the form of emotional distress, anger, anxiety, fear, frustration, among other negative emotions, as well as suffering from unjustified and abusive invasions of her personal privacy.

## COUNT II - Violations of the Kansas Consumer Protection Act

33. The WFNB-American and WFNB-Express debts were incurred as a result of a "consumer transaction" as that term is defined at K.S.A. § 50-624(c).

34. WFNB is a "supplier" as that term is defined at K.S.A. § 50-624(l).

35. Defendant PRA, as a debt collector for WFNB, is engaged in the enforcement of a "consumer transaction".

36. As such, Defendant PRA is a "supplier" as that term is defined by K.S.A. § 50-624(l).

37. In its attempts to collect the debt allegedly owed by Plaintiff, Defendant PRA violated the KCPA in the following ways:

     a) used deceptive representations in connection with a consumer transaction in violation of K.S.A. § 50-626(b)(1), in that Defendant PRA knew or should have known that payment on the alleged debts was not required.

     b) used unconscionable practices in connection with a consumer transaction in violation of K.S.A. § 50-627(a), in that Defendant PRA took advantage of Plaintiff by continuing to contact her after being notified that she was represented by an attorney.

38. As a result of Defendant PRA actions, Plaintiff has suffered actual damages in the form of emotional distress, anger, anxiety, fear, frustration, among other negative emotions, as well as suffering from unjustified and abusive invasions of her personal privacy.

## COUNT III - Violations of the Telephone Consumer Protection Act

39. At all times relevant to this complaint, the Plaintiff was and is a "person" as defined by the TCPA, 47 U.S.C. § 153(32).

40. At all times relevant to this complaint, Defendant PRA has used, controlled, and operated "automatic telephone dialing systems" as defined by the TCPA 47 U.S.C. § 227(a)(1) and 47 C.F.R. 64.1200(f)(2).

41. Defendant PRA telephoned Plaintiff's cellular phone at (515) 783-0133 on numerous occasions.

42. Defendant PRA initiated these calls using an automatic telephone dialing system.

43. When Plaintiff was able to answer the calls, she would hear a pre-recorded message tell her to "wait for a representative."

44. Defendant PRA did not have Plaintiff's consent to call her cellular telephone number.

45. Defendant PRA's repeated autodialed calls to Plaintiff's cell phone were illegal communications in violation of the TCPA, 47 U.S.C. § 227 et seq.

46. Defendant PRA's actions as described herein left the Plaintiff feeling helpless and victimized, as she was unable to stop the persistent and intrusive telephoning by the Defendant.

47. Defendant PRA's actions constituted unauthorized use of, and interference with the Plaintiff's cellular phone service for which the Plaintiff paid money.

## TRIAL BY JURY

48. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable. US Const. amend. 7. Fed.R.Civ.P. 38.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant PRA as follows:

### COUNT I.

**VIOLATIONS OF THE FAIR DEBT COLLECTIONS PRACTICES ACT**

- For an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

- For an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

- For an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

- For such other and further relief as may be just and proper.

### COUNT II.

**VIOLATIONS OF THE KANSAS CONSUMER PROTECTION ACT**

- For an award of statutory damages of $10,000.00 pursuant to K.S.A. § 50-636(a);

- For an award of reasonable attorney's fees pursuant to K.S.A. § 50-634(e)(1);

- For such other and further relief as may be just and proper.

### COUNT III.

**VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**

- For an award of statutory damages of $500.00 per call pursuant to 47 U.S.C. § 227(b)(3)(B) against Defendant PRA and for Plaintiff;

- For an award of treble damages of $1,500.00 per call pursuant to 47 U.S.C. § 227(b)(3) against Defendant PRA and for Plaintiff;

- For an injunction prohibiting Defendant PRA from contacting the Plaintiff on her cellular phone using an automated dialing system or utilizing prerecorded messages or artificial voices pursuant to 47 U.S.C. § 227(b)(3)(a).

- For such other and further relief as may be just and proper.

Respectfully submitted,

Dated: April 21, 2015

By: **s/Andrew M. Esselman**
Andrew M. Esselman #26113
Thomas A. Addleman #21104
255 NW Blue Parkway, Suite 200
Lee's Summit, MO 64063
Tele:  (816) 994-6200
Fax:   (816) 396-6240
AndrewE@AddlemanLawFirm.com
Tom@addlemanlawfirm.com

**Attorneys for Plaintiff**